UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nathan Christopher Braun, | Civ. No. 22-0528 (ECT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota (Municipal Capacity); County of Washington (Municipal Capacity); City of Bayport (Municipal Capacity); Minnesota Department of Corrections (Municipal Capacity); Paul Schnell, Commissioner of Corrections, Respondent Superior Capacity; Guy Bosch, MCF-STW Warden, Respondent Superior Capacity; Victor Wanchena, Associate Warden of Administration, Official and Personal Capacity; CPD Huppert, Official and Personal Capacity; L. McCoy, Official and Personal Capacity; and MCF-STW, Municipality, | |
| Defendants. | |

---

Plaintiff Nathan Christopher Braun ("Braun"), a prisoner of the State of Minnesota, alleges that prison officials have interfered with mail communications and unlawfully transferred him to another facility, where he was physically assaulted by another prisoner. (ECF No. 1 at 2-14.) The Court previously ordered Braun to submit an initial partial filing fee of $8.61 pursuant to 28 U.S.C. § 1915(b) in order to proceed in this action. (*See* ECF Nos. 4, 12.) Braun has since done so, or at least nearly done so,[1] and therefore this matter is now before the Court for substantive preservice review under 28 U.S.C. § 1915A.

---

[1] The Court received an initial partial filing fee of $7.83 from Braun on May 31, 2022. (*See* ECF No. 13.) Thereafter, the Court ordered Braun to pay the remaining portion of the initial

1

Under section 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level …." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this action, Braun brings three sets of claims. First, Braun alleges that prison mailroom employees have violated the Minnesota Department of Corrections' ("MDOC") policies and his

---

partial filing fee or risk dismissal of this matter for failure to prosecute. (*See* ECF No. 14.) According to Braun, however, he has no assets and no means through which to pay the remainder of the initial partial filing fee. (*See* ECF No. 15.) The Court will accept this representation and excuse Braun from the remaining portion of the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Braun nevertheless remains responsible for the unpaid portion of the statutory filing fee, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b)(2).

federal constitutional rights by "depriving prisoners of electronic mail while they are housed in Restrictive Housing Units (Segregation), and not notifying the prisoners of the fact of this deprivation." (ECF No. 1 at 3.) Second, Braun alleges that Defendant L. McCoy prohibited him from receiving a photograph sent to him by another prisoner, again allegedly in violation of MDOC policy and the Constitution. (*Id*. at 10-11.) Third, Braun alleges that the mail interference was part of a broader pattern of retaliation by MDOC officials, which included his transfer to another facility, where he was assaulted by another prisoner. (*Id*. at 12-13.) Braun also alleges that the transfer between facilities caused him to miss deadlines in other lawsuits that he has filed. (*Id*.)

Before turning to Braun's claims, however, the Court notes that there are several overarching problems with his Complaint. To begin, three of the defendants — the State of Minnesota itself; MDOC, a state agency; and the Minnesota Correctional Facility at Stillwater, which is under the direct control of MDOC and therefore is ultimately a subdivision of the State of Minnesota — cannot be sued under 42 U.S.C. § 1983 for alleged violations of constitutional rights. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). The officials and employees of a state may be sued under section 1983 for violations of constitutional rights, but not the state itself or its agencies and subdivisions. Each of the state defendants must therefore be dismissed from this action.

By contrast, municipal and county governments are, in some circumstances, subject to liability under section 1983. *See, e.g.*, *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 694-95 (1978). Braun has sued two such defendants in this action: Washington County and the City of Bayport (where one of the penal facilities at issue is located). But to establish liability under section 1983 against a local government, a plaintiff must prove that the entity itself

3

has acted unlawfully in some way, through execution of an unlawful policy, custom or practice. *Id.* Braun's Complaint includes no such allegations regarding Washington County or the City of Bayport. Indeed, those entities seem to have no relation whatsoever to the events at issue in this litigation, which occurred entirely within the walls of prisons maintained by the State of Minnesota—not by the county or city. Accordingly, the county and municipal defendants also must be dismissed.

This leaves as defendants five officials of the State of Minnesota or employees of MDOC. Braun sues two of those defendants — Paul Schnell, the Commissioner of MDOC, and Guy Bosch, the warden of one of the prisons at issue —in their "Respondent Superior Capacity." (ECF No. 1 at 2.) But there is no "Respondent Superior Capacity" under section 1983. As explained above with respect to the municipal and county defendants, a defendant (including a defendant with supervisory authority) may be sued under section 1983 for alleged violations of constitutional rights committed by that defendant. But a defendant cannot be held liable *solely* because that person had supervisory authority over someone else who violated the law. *See, e.g.*, *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (explaining that "neither municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior."). The doctrine of respondeat superior simply does not apply to cases brought under section 1983. Because Braun sues Schnell and Bosch solely on that basis, those defendants must also be dismissed pursuant to section 1915A.

Three defendants remain: Victor Wanchena, CPD Huppert, and L. McCoy, each named in their personal capacities and in their official capacities as agents of the State of Minnesota. Braun's Complaint does not include allegations that these three defendants participated in any way in the events at issue with respect to the claims that Braun was transferred to another facility in retaliation

for litigation activities and thereafter assaulted and prevented from meeting deadlines in other litigation.  (*See* ECF No. 1 at 12-14.)  To succeed on a claim under section 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *See Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")).  Because the pleading includes no such allegations specific to the remaining defendants with respect to the transfer claims, the Court recommends that those claims be dismissed as to those defendants.  And because each of the defendants named in this action has now been recommended for dismissal with respect to the transfer claims, the Court recommends that the transfer claims be dismissed without prejudice in their entirety pursuant to section 1915A.

What remains of this action is therefore relatively circumscribed:  two sets of claims—each related to MDOC mailroom policies and the performance of MDOC officials in carrying out those policies—against defendants Wanchena, Huppert, and McCoy.  By separate order, Braun's pending application to proceed *in forma pauperis* will be granted with respect to those claims and those defendants, and the Court will direct in that order that service of process be effected upon those defendants consistent with Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d).  In all other respects, it is recommended that this matter be dismissed without prejudice pursuant to section 1915A.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants State of Minnesota, County of Washington, City of Bayport, Minnesota Department of Corrections, Paul Schnell, Guy Bosch, and MCF-STW be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. Plaintiff Nathan Christopher Braun's claims related to his transfer to another prison facility and alleged assault at that facility, and the alleged impact of the transfer on his ability to meet deadlines in other lawsuits [ECF No. [1] at 12-14] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

Dated: September 22, 2022

s/ Dulce J. Foster
DULCE J. FOSTER
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).