UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Christopher Braun,<br><br>    Plaintiff,<br><br>  v.<br><br>State of Minnesota (Municipal Capacity); County of Washington (Municipal Capacity); City of Bayport (Municipal Capacity); Minnesota Department of Corrections, Respondent Superior Capacity; Guy Bosch, MCF-STW Warden, Respondent Superior Capacity; Victor Wanchena, Associate Warden of Administration, Official and Personal Capacity; CPD Huppert, Official and Personal Capacity; L. McCoy, Official and Personal Capacity; and MCFSTW, Municipality,<br><br>    Defendants. | Case No. 22-cv-528 (ECT/DJF)<br><br>**ORDER AND<br>REPORT AND<br>RECOMMENDATION** |

**INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss ("Motion") (ECF No. 24) Plaintiff Nathan Christopher Braun's Complaint (ECF No. 1) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Mr. Braun's response to the Motion was due November 15, 2022.  D. Minn. L.R. 7.1.  Mr. Braun did not respond.  On December 7, 2022, the Court notified the parties that it would decide the Motion on the papers before it.  (ECF No. 32.)  The Court now recommends that Defendants' Motion be granted **IN PART**.  Specifically, the Court recommends that Mr. Braun's claims for declaratory and injunctive relief be dismissed with prejudice in their entirety, and that Mr. Braun's damages claims against Defendants Wanchena, Huppert and McCoy in their personal capacities also be dismissed with prejudice.  The Court further recommends that

---

[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

Defendants be allowed to file a supplemental motion to dismiss with respect to Mr. Braun's damages claims against Defendants Wanchena, Huppert and McCoy in their official capacities.

## BACKGROUND

On March 2, 2022, Mr. Braun filed a Complaint under 42 U.S.C. 1983 alleging that employees of the Minnesota Department of Corrections ("MDOC") violated his rights by failing to follow various prison policies related to mail ("Complaint") (ECF No. 1). Specifically, Mr. Braun alleged that: (1) prison mailroom employees violated the MDOC policies and his federal constitutional rights by "depriving prisoners of electronic mail while they are housed in Restrictive Housing Units (Segregation), and not notifying the prisoners of the fact of this deprivation" (ECF No. 1 at 3); (2) Defendant L. McCoy prohibited him from receiving a photograph sent to him by another prisoner, again allegedly in violation of MDOC policy and the Constitution (*Id.* at 10-11); and (3) the mail interference was part of a broader pattern of retaliation by MDOC officials, which included his transfer to another facility, where he was assaulted by another prisoner (*Id.* at 12-13). Mr. Braun further alleged that the transfer between facilities caused him to miss deadlines in other lawsuits that he filed. (*Id.*) He sought both declaratory and injunctive relief. (*Id.* at 14, requesting that MDOC comply with its own regulations regarding prisoner mail.) When Mr. Braun filed his Complaint, he stated that he resided in the Minnesota Correctional Facility at Stillwater ("MCF-STW"). (*Id.* at 2-3.)

On October 24, 2022, the Court dismissed without prejudice Mr. Braun's claims against Defendants State of Minnesota, County of Washington, City of Bayport, Minnesota Department of Corrections, Paul Schnell, Guy Bosch, and MCF-STW pursuant to 28 U.S.C. § 1915A. (ECF No. 22.) The Court similarly dismissed without prejudice Mr. Braun's claims related to his transfer to another prison facility and alleged assault at that facility, and the alleged impact of that transfer

on his ability to meet deadlines in other lawsuits—also pursuant to 28 U.S.C. § 1915A.[2] (*Id.*) Mr. Braun's remaining claims relate to MDOC mailroom policies and the performance of MDOC officials in carrying out those policies—against Defendants Wanchena, Huppert, and McCoy ("Defendants"), in their official and individual capacities.

Public records reflect that, on or before September 26, 2022, Mr. Braun was released from prison and is on supervised release in the community. *See* Minnesota Department of Corrections, Offender Locator, *https://coms.doc.state.mn.us/PublicViewer* (last visited Dec. 21, 2022). On October 4, 2022, after his release from prison, Mr. Braun served Defendants Wanchena, Huppert and McCoy in their official capacities. (ECF No. 29.) The record does not reflect that Mr. Braun has ever served any Defendant in his individual capacity, and Defendants deny having been served. (ECF No. 25 at 3, 4.)

Defendants now move to dismiss Mr. Braun's Complaint under Fed. R. Civ. P. 12(b)(1) on grounds that the Court lacks subject matter jurisdiction (ECF No. 25 at 3-4), and under Fed. R. Civ. P. 12(b)(6) on grounds that Mr. Braun fails to state legally sufficient claims for relief (*id.* at 4- 5).

---

[2] The District Judge accepted the Report and Recommendation of the undersigned Magistrate Judge (ECF No. 18) that: (1) Defendants State of Minnesota, Minnesota Department of Corrections, and MCF-STW be dismissed because those Defendants cannot be sued under 42 U.S.C. § 1983 for alleged violations of constitutional rights; (2) Defendants County of Washington and City of Bayport be dismissed because Mr. Braun's Complaint did not allege that those Defendants acted unlawfully in some way through execution of an unlawful policy, custom or practice; (3) Defendants Paul Schnell and Guy Bosch be dismissed because the doctrine of respondeat superior does not apply to cases brought under section 1983; and (4) Mr. Braun's claims related to his transfer from one facility to another be dismissed because his Complaint did not include allegations specific to the remaining Defendants. (*See* ECF No. 18 at 3-5.)

## DISCUSSON

I. **Legal Standard**

A. **Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion under Rule 12(b)(1), the party asserting jurisdiction has the burden of proving jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face, as Defendants' motion does here, or on the factual truthfulness of its averments. *Osborn v. United States,* 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—that is, even if the allegations were true, they lack an essential element for jurisdiction—a court reviews the pleadings alone, and the court assumes the allegations are true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *accord* Osborn, 918 F.2d at 729 n.6. In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and weigh the accuracy of the allegations. *Titus,* 4 F.3d at 593; *accord Osborn,* 918 F.2d at 729 n.6.

Mootness is properly raised as a matter of subject matter jurisdiction. *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018). Without a showing of irreparable injury and a real or immediate threat that a plaintiff will be harmed again, claims for equitable relief are moot. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

B.     Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. Although pro se complaints must be construed liberally, such complaints still must contain sufficient facts to state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

5

**II.      Claims for Declaratory and Injunctive Relief**

Defendants argue Mr. Braun's claims for declaratory and injunctive relief regarding the administration of policies within in Minnesota's correctional facilities are moot because he is no longer incarcerated. (ECF No. 25 at 3.) The Court agrees. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met when there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles*, 461 U.S. at 111. Because Mr. Braun is no longer subject to the conditions he complained of, and because he is now outside the authority of the Defendants who work at MCF-STW, his claims are moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."). The Court recommends that Defendants' Motion be granted under Rule 12(b)(1) to the extent he seeks declaratory and injunctive relief against the remaining Defendants.

The Court also recommends dismissal of Mr. Braun's claims for declaratory and injunctive relief under Rule 12(b)(6). Mr. Braun cannot maintain a claim for injunctive and declaratory relief against the MDOC employees in their individual capacities because they lack control over the remedy he seeks. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985) ("A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him … unless a distinct cause of action is asserted against the entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense.").

While Mr. Braun also sues Defendants in their official capacities, the relief he seeks is barred by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the right of a particular plaintiff or plaintiffs." 18 U.S.C.

6

§ 3626(a)(1)(A). Moreover, the Court may grant prospective injunctive relief only if it finds "that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* Here, Mr. Braun's request that MDOC comply with its own policies related to prisoner mail is not narrowly tailored; it is vague and expansive and therefore fails under the PLRA. Accordingly, the Court recommends that Defendant's Motion to dismiss Mr. Braun's claims for injunctive and declaratory relief be granted for this additional reason.

### III.   Damages Claims

In a self-styled "Supplemental Pleading" filed March 16, 2022, Mr. Braun also asserts claims for compensatory and punitive damages arising from alleged violations of his First Amendment and Due Process Rights. (ECF No. 3 at 5.) Since Mr. Braun filed his original Complaint on March 2, 2022 (ECF No. 1), he had a right to amend his pleading under Fed. R. Civ. P. 15(a)(1) as a matter of course when he filed his Supplemental Pleading. Although Mr. Braun did not title the pleading as an "Amended Complaint", the Court construes the pleadings liberally since Mr. Braun is a pro se litigant and finds that the original Complaint (ECF No. 1) and the Supplemental Pleading (ECF No. 3) together constitute the operative pleading in this case ("Amended Complaint").

Defendants' Motion does not address the damages claims asserted in Mr. Braun's Supplemental Pleading. The Court accordingly recommends against dismissing those claims at this time to the extent Mr. Braun asserts them against Defendants in their official capacities. The Court nevertheless construes Defendants' Motion as seeking dismissal of the individual capacity claims against Defendants in their entirety on grounds that Mr. Braun has failed to personally serve them. (*See* ECF No. 25 at 3, 4.) The Court agrees the record is devoid of any evidence of personal

7

service on the individual Defendants. Moreover, the deadline for service under Fed. R. Civ. P. 4(m) has long passed. The Court recommends dismissal of Mr. Braun's individual capacity damages claims in their entirety for this reason. Furthermore, since Defendants previously were not on notice that the Court would allow the Supplemental Pleading to be considered as a part of the operative Amended Complaint, the Court recommends that, in the interests of justice, Defendants be permitted to file a supplemental Motion to Dismiss addressing Mr. Braun's official capacity damages claims.

Finally, the Court notes that Mr. Braun's failure to submit any response to Defendants' Motion may indicate a lack of interest in continuing to prosecute this matter following his release. To address this concern, the Court orders Mr. Braun to file a letter indicating whether he intends to continue prosecuting this case on or before **January 9**, **2023**, failing which the Court may recommend dismissal under Fed. R. Civ. P. 41 for failure to prosecute this action.

## ORDER

Plaintiff Nathan Christopher Braun must file a letter with the Court of no more than 1 page in length stating whether he seeks to continue prosecuting this action on or before **January 9, 2023**. If Mr. Braun fails to comply with the Order, the Court may recommend dismissal without prejudice under Fed. R. Civ. P. 41 for failure to prosecute.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1. Defendants' Motion to Dismiss (ECF No. [24]) be **GRANTED IN PART**;

2. Plaintiff Nathan Christopher Braun's claims for declaratory and injunctive relief be **DISMISSED WITH PREJUDICE**;

  3.  Mr. Braun's individual capacity claims be **DISMISSED WITH PREJUDICE** in their entirety; and

  4.  Defendants' Motion to Dismiss (ECF No. [24]) be **DENIED IN PART** as to Mr. Braun's official capacity claims for compensatory and punitive damages.


Dated:  December 27, 2022      *s/ Dulce J. Foster*
                DULCE J. FOSTER
                U.S. Magistrate Judge


### **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).