**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 22-cv-528 (ECT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND**<br>**RECOMMENDATION** |
| State of Minnesota (Municipal Capacity); County of Washington (Municipal Capacity); City of Bayport (Municipal Capacity); Minnesota Department of Corrections, Respondent Superior Capacity; Guy Bosch, MCF-STW Warden, Respondent Superior Capacity; Victor Wanchena, Associate Warden of Administration, Official and Personal Capacity; CPD Huppert, Official and Personal Capacity; L. McCoy, Official and Personal Capacity; and MCFSTW, Municipality, | |
| Defendants. | |

---

This matter stems from Plaintiff Nathan Christopher Braun's allegations under 42 U.S.C. 1983 that employees of the Minnesota Department of Corrections ("MDOC") violated his rights by failing to follow various prison policies related to mail ("Complaint") (ECF Nos. 1, 3).[1] Defendants filed a motion to dismiss Mr. Braun's Complaint on October 25, 2022 ("Motion") (ECF No. 24).[2] On December 27, 2022, the Court entered a Report and Recommendation that Defendants' Motion be granted as to Plaintiff's individual capacity claims and claims for declaratory and injunctive relief (ECF No. 33.) The Court recommended against dismissing Mr.

---

[1] On March 2, 2022, Mr. Braun filed an initial Complaint (ECF No. 1), seeking declaratory and injunctive relief regarding prison policies. (*Id.* at 14.) On March 16, 2022, he filed a self-styled "Supplemental Pleading" asserting claims for compensatory and punitive damages arising from alleged violations of his First Amendment and Due Process Rights (ECF No. 3 at 5). In a previous Report and Recommendation (ECF No. 33), the Court found that the original Complaint and Supplemental Pleading, together, constitute the operative pleading in this matter (*Id.* at 7).

[2] Defendants' Motion did not address Mr. Braun's Supplemental Pleading.

Braun's damages claims against Defendants in their official capacities because Defendants' Motion did not address those claims. (*Id.* at 7-8.) The Court also observed that Mr. Braun did not respond to Defendants' Motion (ECF No. 33 at 1), and ordered Mr. Braun to file a letter by January 9, 2023 indicating whether he intended to continue prosecuting this action (ECF No. 34 at 8)[3]. The Court advised that if Mr. Braun failed to file a letter, the Court may recommend that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*Id.*)

Mr. Braun did not file a letter as ordered. The Court therefore recommends that this action be dismissed without prejudice under Fed. R. Civ. P. 41 for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: January 17, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

---

[3] Sometime after he initiated this lawsuit, Mr. Braun was released from the custody of the state prison facility whose practices he challenges.

**<u>NOTICE</u>**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).